[No. B231679. Second Dist., Div. One. Jan. 20, 2012.]

WASHINGTON UMBERTO CINEL, Plaintiff and Respondent, v. RICHARD CHRISTOPHER, Defendant and Appellant.

COUNSEL

Morgan, Franich, Fredkin & Marsh, William Siamas, Mark B. Fredkin and Linda M. MacLeod for Defendant and Appellant.

Manatt, Phelps & Phillips, Robert H. Platt, Bruce B. Kelson, Emil Petrossian and Benjamin G. Shatz for Plaintiff and Respondent.

OPINION

**JOHNSON, J.**—Richard Christopher (Christopher) appeals from an order denying his petition to confirm an arbitration award. The matter went to arbitration pursuant to an underlying contract between plaintiff Washington Umberto Cinel (Cinel) and defendant Christopher and five other defendants, but several of the defendants refused to pay the arbitrator's fee, and the arbitrator terminated the arbitration. The trial court refused to confirm the arbitrator's decision, finding it was not an "award" and denied Christopher's petition. Christopher contends the trial court's refusal to confirm the arbitrator's award constituted an impermissible interference with the arbitrator's jurisdiction to decide all issues, and because no grounds existed to vacate the award, the only choice available to the trial court was to confirm the award and dismiss the proceeding. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1. *Arbitration Proceedings and Termination of Arbitration.*

In December 2006, Cinel, a Brazilian citizen, agreed to purchase 600,000 shares of preferred stock from Good News Holdings, LLC (GNH), for total consideration of $3 million, pursuant to a written "Supplemental Agreement."

GNH was formed to create and distribute Christian faith-based and family-friendly content through traditional media. Defendants David Kirkpatrick, George Barna, Christopher Chisholm, Martha Cotton, Thomas Black, and Richard Christopher (defendants) were the founding members of GNH.[1] Cinel made the first three installment payments of $750,000, but became concerned that GNH's financial condition was not as it had been represented in the private placement memorandum (PPM).

On June 30, 2008, Cinel commenced this action for securities fraud and related claims against defendants, and filed his operative first amended complaint (FAC) on November 13, 2008. On March 9, 2009, Barna filed a petition to compel arbitration pursuant to an arbitration clause in the PPM, and on April 3, 2009, the trial court granted the petition to compel arbitration. The parties commenced two separate arbitrations with the AAA (American Arbitration Association) because although defendant had commenced arbitration, Cinel felt he should be deemed the claimant in the arbitration. The parties later stipulated to consolidate the two arbitrations.

During the period June 2009 through December 2009, the parties selected three arbitrators. On January 11, 2010, the AAA requested payment from each of the parties for the initial deposit of the arbitrators' fees. Of the six defendants, only Barna and Christopher paid their share of the fees. The AAA suggested that the paying parties could advance the fees of the nonpaying parties; some of the parties suggested that the panel be reduced to one arbitrator. However, on March 15, 2010, the AAA issued its order suspending the arbitration pending payment in full of the fee deposit.

Cinel submitted a motion to modify the order suspending the arbitration, requesting that the order be changed to provide that if the parties who compelled arbitration, Christopher and Barna, wished to continue, that they pay the fees of the nonpaying parties, and if they did not, that the panel issue an order terminating the arbitration and returning the matter to the superior court. In response, Christopher and Barna, joined by Kirkpatrick and Cotton, argued Cinel's proposal was unfair because Cinel, as a billionaire, had more assets.

On June 7, 2010, the panel rejected Cinel's proposal, and suggested the paying parties agree to pay a pro rata share of the deposits of the delinquent parties. On July 7, 2010, the panel terminated the arbitration due to the nonpayment of fee deposits. On July 16, 2010, Christopher submitted a proposed form of written order to be signed by the panel, but the panel refused to sign it on the grounds it no longer had jurisdiction.

---

[1] Only defendant Richard Christopher is a party to this appeal.

## 2. *Christopher's Motion to Confirm the Arbitration Award.*

On November 15, 2010, the trial court reasserted jurisdiction over the case. On January 11, 2011, Christopher moved in the trial court to confirm the award and dismiss Cinel's complaint. He argued that pursuant to Code of Civil Procedure section 1286.2, the trial court's power was limited to confirming, vacating or correcting the arbitrator's decision: because an arbitrator's decision was not subject to review for errors in fact or law, and there was no basis for the court to otherwise vacate or correct the award, it must be confirmed. In opposition, Cinel argued that the termination order was not an "award" or "decision" subject to confirmation by the court, and an administrative termination restarted the matter in the trial court.

The trial court denied the motion, stating, "Nothing happened [at the arbitration]. It should go back. And we'll set it for trial here. If you don't want to go to arbitration, then you're going to have a trial here. [¶] . . . [¶] This happens all the time. People don't want to pay fees. It comes back. . . . You have one person who doesn't [pay], there's no judgment, I won't confirm an arbitration award where nothing really took place because someone didn't want to pay the fees."

## DISCUSSION

I. *The Order "Denying" the Petition to Confirm the Arbitrator's Ruling Is Appealable*[2]

As a threshold issue, we must determine whether the trial court's order denying Christopher's petition is an appealable order. Code of Civil Procedure section 1294[3] identifies the orders appealable after an arbitration. Section 1294 provides that an aggrieved party may appeal from an order "*dismissing* a petition to confirm, correct or vacate an award." (§ 1294, subd. (b), italics added.) Section 1294, however, does not provide for an appeal of the *denial* of a petition to confirm, vacate, or correct an award.

As a result, Christopher contends under section 1294, the trial court had no authority to simply deny such a motion. Rather, he contends, when confronted with a petition to confirm, correct, or vacate an award, under section 1294 the court has four options: confirm the award; vacate the award; correct and affirm the award; or dismiss the petition, and courts construe an order purporting to deny a petition to confirm as an order vacating the award,

---

[2] Cinel raised the issue of the appealability of the order denying Christopher's petition to confirm in his respondent's brief; we also requested the parties to separately address the issue in letter briefs.

[3] All statutory references herein are to the Code of Civil Procedure unless otherwise noted.

which is an appealable order. (See, e.g., *Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 9 [97 Cal.Rptr.3d 329] (*Karton*).) Cinel contends, relying on *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450 [9 Cal.Rptr.2d 862] (*Mid-Wilshire Associates*), that it is well settled an order denying a petition to confirm, as opposed to an order dismissing such a petition, is not appealable. We conclude that the statutory scheme dictates that we construe the court's "denial" of Christopher's petition to confirm as a "dismissal," which renders it an appealable order.

█ An arbitration award is not directly enforceable; until confirmed or vacated by court proceedings, the award is no more than a contract between the parties to the arbitration. (*Loeb v. Record* (2008) 162 Cal.App.4th 431, 449 [75 Cal.Rptr.3d 551].) The prevailing party in an arbitration therefore may petition the court to confirm an award; the losing party may petition to modify or vacate the award entirely. (§ 1285; see *Luster v. Collins* (1993) 15 Cal.App.4th 1338, 1344 [19 Cal.Rptr.2d 215].) In response to such a petition, the court must confirm, correct, or vacate the award, or dismiss the petition entirely. (§ 1286; see *Karton, supra*, 176 Cal.App.4th at p. 9.) Thus, the statutory scheme contemplates that an arbitration award may either be confirmed, vacated, or corrected in the trial court; in response, a party may request the court to *dismiss* the petition to confirm, correct, or vacate the award. (§ 1285.2.)

Consistent with this, section 1294 identifies the orders appealable after an arbitration. Section 1294 provides that an aggrieved party may appeal from an order dismissing a petition to confirm, correct or vacate an award. (§ 1294, subd. (b).) Section 1294 also provides that an aggrieved party may appeal an order "*dismissing or denying*" a petition to compel arbitration." (§ 1294, subd. (a), italics added.) Other orders appealable include "[a]n order vacating an award unless a rehearing in arbitration is ordered" (§ 1294, subd. (c)), a judgment entered after an arbitration (§ 1294, subd. (d)), or "[a] special order after [a] final judgment" (§ 1294, subd. (e)).

█ As explained in *Karton, supra*, 176 Cal.App.4th at page 9, "the failure of [section 1294] to provide for the appealability of an order denying a petition to confirm, correct or vacate an award is easily understood in the context of [section 1286]. If a trial court dismisses the petition, it results in an appealable order. . . . If the trial court which does not dismiss the petition also does not correct or vacate an arbitration award, it *must* confirm the award. Entry of judgment in conformity therewith is required [pursuant to section 1287.4], resulting in an appealable judgment under [section 1294, subdivision (d)]. Similarly, if the nondismissing trial court does not confirm the award (or confirm [it] as corrected), the court must vacate it, resulting in an appealable order under [section 1294, subdivision (c)]. All possible outcomes

are provided for under [section 1294]; confusion only arises when a trial court enters an order outside the scope of its powers as itemized in [section 1286]." (*Ibid.*, citation omitted.)

Thus, although section 1294 does not specifically refer to an order "denying" a petition to confirm an award, the statutory framework dictates that in such instance the court's "denial" must be treated as a "dismissal," thus rendering the order immediately appealable. This result makes sense in light of the other statutory options under sections 1285, 1285.2, and 1294. Under section 1294, if an award is confirmed, the appeal lies from the judgment entered on the award. (§ 1294, subd. (d).) Second, if an award is vacated, an appeals lies unless the matter is referred back to arbitration. (§ 1294, subd. (c).) Third, if a petition to vacate or correct is denied, the matter is not appealable, but is reviewable on appeal from the judgment of confirmation. (*Mid-Wilshire Associates, supra,* 7 Cal.App.4th at pp. 1453–1454.) The remaining option, where neither correction, vacation, or confirmation takes place on the petition, is dismissal. In all instances under section 1294, either the order itself is appealable, or an appeal lies from the subsequently entered judgment. However, if the court simply denies the petition to confirm, as the court did here, under Cinel's construction of the statute, the parties are left in limbo. Without a confirmed award, or a vacated or corrected award, no judgment thereon can be entered. Therefore, the Legislature did not include the word "denial" in section 1294, subdivision (b) because such a situation would never occur. As a consequence, we must construe the "denial" of Christopher's petition to confirm to constitute a "dismissal" of the petition, and hence it is immediately appealable under section 1294, subdivision (b).[4]

Furthermore, case law does not hold otherwise. Unlike the situation here, in *Mid-Wilshire Associates* the issue was whether the denial of a petition to *vacate* or *correct* an award was an appealable order, not whether the denial of a petition to *confirm* was an appealable order. (*Mid-Wilshire Associates, supra,* 7 Cal.App.4th at pp. 1453–1454.) *Mid-Wilshire Associates* concluded the denial of a petition to vacate or correct was not appealable because such an order was appealable after the judgment of confirmation. In other words, the award would either be vacated or confirmed as corrected, in which case it would be appealable, either from the final judgment or the order vacating the award pursuant to section 1294, subdivision (c). (*Mid-Wilshire Associates, supra,* 7 Cal.App.4th at p. 1454; see *National Marble Co. v. Bricklayers & Allied Craftsmen* (1986) 184 Cal.App.3d 1057, 1060–1061, fn. 1 [229 Cal.Rptr. 653] [explaining procedural posture of appeals under § 1294].)

---

[4] In the alternative to a directly appealable order, a party may seek writ relief by way of a petition for writ of mandate. However, unlike appeals, which are heard as a matter of right, writ review is deemed extraordinary and is discretionary and rarely granted. (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1271 [258 Cal.Rptr. 66].)

## II. The Arbitrator's Termination of the Proceedings for Lack of Payment of Fees Did Not Constitute an "Award" Subject to Confirmation

Christopher contends that we may not review the merits of the arbitrator's order to determine that it did not constitute an award, that the trial court's "denial" of the motion was tantamount to an unauthorized vacation of the award, and the court erred in lifting the stay and setting the matter for trial. We disagree.

### A. The Arbitrator's Termination of the Action Was Not an "Award"

Section 1283.4 provides that an arbitration award shall "include a determination of all the questions . . . the decision of which is necessary in order to determine the controversy." The arbitrator's order here, which did not address any of the issues in controversy but instead refused to commence the proceedings for failure to pay fees, did not constitute an "award" within the meaning of section 1283.4 such that it was subject to confirmation pursuant to section 1285. Before confirming an award, the trial court has a duty, in order to follow the dictates of section 1283.4, to ensure that the arbitrator's "award" is an "award" within the meaning of that statute. To do so, it may inquire into the substance of the award without violating the prohibition against judicial review of arbitration awards except in very limited circumstances.[5] As a result, dismissing Christopher's petition did not amount to an unauthorized vacation of the award. Rather, the trial court "denied" the petition to confirm because there was no substantive award to confirm, correct or vacate.[6]

For that reason, *Young v. Ross-Loos Medical Group, Inc.* (1982) 135 Cal.App.3d 669 [185 Cal.Rptr. 536] (*Young*), upon which Christopher relies, is distinguishable. In *Young*, the arbitrator terminated arbitration proceedings with an "order of dismissal" due to the parties' failure to bring the action to

[5] Arbitration awards are subject to very limited judicial review. Except for the very limited grounds set forth in sections 1286.2 and 1286.6, awards are immune from judicial review. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12–13 [10 Cal.Rptr.2d 183, 832 P.2d 899].) As a result, the merits of the controversy are not reviewable on a petition to confirm, vacate or correct. (*Id.* at p. 11.) Under *Moncharsh*, we cannot review the arbitrator's reasoning or the sufficiency of the evidence supporting the award. (*Ibid.*) Even "an error of law apparent on the face of the award that causes substantial injustice does not provide grounds for judicial review." (*Id.* at p. 33.)

[6] Christopher argues the 100-day statute of limitations period for a petition to vacate the award limits the court's powers to rule on the petition to confirm. He asserts that because Cinel did not move to vacate the award in response to his petition to confirm within the 100-day period of section 1288, the court had no choice but to confirm the award to comply with section 1286. We reject this argument for the reason that the court had another option, namely, dismissing the groundless petition to confirm. (§ 1288.)

trial within five years as required by former section 583, subdivision (b) (now § 583.310). The plaintiffs filed a motion in the superior court to vacate the dismissal of the lawsuit. (135 Cal.App.3d at pp. 671–672.) *Young* interpreted the arbitrator's action in dismissing the arbitration as a conclusion that the plaintiffs had failed to proceed with reasonable diligence, and "[i]t was the arbitrator's decision that [the plaintiffs] take nothing on their claims by reason of their dilatory prosecution. Such an order, even if regarded as in the nature of a sanction, is as much an 'award' as any other final resolution of the arbitration proceeding."[7] (135 Cal.App.3d at p. 673.) Further, as *Young* pointed out, "it is manifest that [the arbitrator] did but determine that when gauged by the 'measuring rod' provided by [former] section 583, plaintiffs had failed to proceed with reasonable diligence. As a consequence, since the arbitrator had not 'exceeded [his] powers,' the trial court could 'not substitute its judgment [therefor].' [Citations.]" (*Ibid.*) On the other hand, the parties' failure here to reach an agreement on the payment of fees to initiate the arbitration proceedings in the first instance and entitle them to participate in the process does not equate to a determination on the merits that an arbitration has been pending for an excessive amount of time and thus is subject to dismissal, whereby the parties take nothing.

 In addition, *Lifescan Inc. v. Premier Diabetic Services* (9th Cir. 2004) 363 F.3d 1010, upon which Christopher also relies, is distinguishable. There, the parties went to arbitration before the AAA and participated in the initial stages of arbitration. A few days before the final hearings, Premier announced it would be unable to pay its pro rata share of fees. The arbitrators gave Lifescan the option of advancing the fees so that the hearings could proceed, but suspended the proceedings when Lifescan refused to pay. Lifescan petitioned in the trial court to compel arbitration and to order Premier to pay its share of the fees pursuant to section 1284.2,[8] and the trial court granted the petition. (*Lifescan*, at p. 1011.) *Lifescan* reversed, finding section 1284.2 only applied where the arbitration agreement did not provide for apportionment of fees; in the case before it, the parties' agreement provided that apportionment would be left up to the arbitrators. As a result, *Lifescan* dismissed the petition to compel arbitration. (*Lifescan*, at p. 1013.) In contrast to the instant case, which involved a petition to *confirm* an award, *Lifescan* involved a petition to compel an arbitration to continue. In addressing a

---

[7] *Young* noted that former section 583 did not apply directly to a proceeding other than an action pending in superior court, and thus was not enforceable by anyone other than a judge of that court. However, *Young* noted the concept of diligence embodied in former section 583 had been imported " 'into the test of reasonable diligence in bringing a claim to resolution by arbitration . . . .' [Citations.]" (*Young v. Ross-Loos Medical Group, Inc., supra,* 135 Cal.App.3d at p. 673.)

[8] Section 1284.2 provides in relevant part that "[u]nless the arbitration agreement otherwise provides or the parties to the arbitration otherwise agree, each party to the arbitration shall pay his pro rata share of the expenses and fees of the neutral arbitrator . . . . "

petition to compel, the court must inquire into the scope of the parties' agreement, which is exactly what the *Lifescan* court did. (See *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 480 [121 Cal.Rptr. 477, 535 P.2d 341].) Where a petition to confirm an award is at issue, the trial court performs a different function. There, as noted, the court is limited in its power to review the findings of the arbitrator and has narrow grounds upon which evaluate the arbitrator's award.[9]

### B. *Trial Court Did Not Err in Lifting Stay*

██ Lastly, the trial court correctly set the matter for trial after denying the petition to confirm. Section 1281.4 provides for a stay of pending litigation while a related arbitration is proceeding.[10] (*Heritage Provider Network, Inc. v. Superior Court* (2008) 158 Cal.App.4th 1146, 1152 [70 Cal.Rptr.3d 645].) Once a stay is granted the trial court retains vestigial powers over the matters submitted to arbitration, including the power to rule on a petition to confirm, correct, or vacate an award. (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 487 [35 Cal.Rptr.2d 4]; *Finley v. Saturn of Roseville* (2004) 117 Cal.App.4th 1253, 1258 [12 Cal.Rptr.3d 561].) "This vestigial jurisdiction over the action at law consists solely of making the determination, upon conclusion of the arbitration proceedings, of whether there was an award on the merits (in which case the action at law should be dismissed because of the res judicata effects of the arbitration award) [citations] or not (at which point the action at law may resume to determine the rights of the parties). [Citations.]" (*Brock v. Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1796 [13 Cal.Rptr.2d 678].) As a consequence here, because the arbitration had been terminated and the trial court did not confirm, correct or vacate Christopher's petition, but instead dismissed the petition, the stay terminated and the trial court properly set the matter for trial.[11]

---

[9] As we affirm for the substantive reason the arbitrator's termination of the arbitration did not constitute an "award," we need not discuss Cinel's procedural arguments based on lack of signature or the fact the termination was not issued by the case manager.

[10] Section 1281.4 provides in relevant part, "If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies."

[11] Christopher cites *MKJA, Inc. v. 123 Fit Franchising, LLC* (2011) 191 Cal.App.4th 643 [119 Cal.Rptr.3d 634] (*MKJA*) for the proposition that the trial court improperly lifted the stay and set the matter for trial. *MKJA* is distinguishable. There, the trial court lifted the stay where arbitration was currently pending, although the arbitration had not proceeded due to one party's inability to pay. (*Id.* at pp. 652–653.) *MKJA* found this impermissible because the arbitration was pending. (*Id.* at pp. 661–662.) *MKJA* noted that " 'The purpose of the statutory stay [required pursuant to section 1281.4] is to protect the jurisdiction of the arbitrator by

## DISPOSITION

The order is affirmed. Respondent is to recover costs on appeal.

Rothschild, Acting P. J., and Chaney, J., concurred.

---

preserving the status quo until arbitration is resolved. [Citations.] [¶] In the absence of a stay, the continuation of the proceedings in the trial court disrupts the arbitration proceedings and can render them ineffective. [Citation.]' [Citation.]" (*Id.* at p. 658.) Here, the arbitration proceedings had not taken place due to failure to pay fees, and thus the trial court regained full jurisdiction, in the language of the statute, at "such earlier time as the court" specified.