Filed 8/21/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| MAPLEBEAR, INC.,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>DONNA BUSICK,<br><br>　　　　Defendant and Respondent. | A151677<br><br>(San Francisco County<br>Super. Ct. No. CPF-17-515469) |

The California Arbitration Act (CAA, Code. Civ. Proc., § 1280 et seq.[1]) allows a party to an arbitration to petition the superior court to confirm, correct or vacate an arbitrator's "award," an award that must be set out in writing and "include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) In this case, the arbitrator issued a "partial final award" determining only that the parties' arbitration agreement permits the claimant to move for class certification. The primary issue before us is whether this constituted an "award" that was immediately reviewable by the superior court. When appellant filed a petition in superior court to vacate the "partial final award," the trial court concluded that it had no jurisdiction under the CAA to review it at this preliminary stage. Appellant urges us to remand the case to the trial court to determine the merits of the petition to vacate. We affirm the trial court's order of dismissal.

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise stated.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Maplebear, Inc. (Instacart) is a same-day grocery delivery service.[2] Its customers order groceries through its website or mobile phone application, and Instacart engages shoppers and drivers across the country to select, purchase and deliver the groceries. Donna Busick, who worked in Massachusetts as an Instacart shopper and driver, filed a class action arbitration demand on behalf of herself and similarly situated Massachusetts shoppers and drivers claiming that Instacart violated California law by classifying them as independent contractors rather than employees.

Before the dispute arose, Instacart and Busick had signed an Independent Contractor Agreement (Agreement) stating that disputes between them would be submitted to binding arbitration. Under the terms of the Agreement, the arbitration would be conducted by JAMS under its rules and procedures; the arbitrator would apply California substantive law; the arbitrator had no "power or authority to commit errors of law or legal reasoning"; and "[a]ny action to review the arbitration award for legal error or to have it confirmed, corrected or vacated" would be decided under California law by "a California state court of competent jurisdiction."

After Busick filed her class arbitration demand, and as required by Rule 2 of the JAMS Class Action Procedures (Rule 2), the parties submitted to the arbitrator the threshold issue whether the Agreement allowed Busick to seek certification of a claimant class within the arbitration.[3] In a document entitled, "Partial Final Award on Clause Construction Regarding Putative Class Arbitration" (partial final award),[4] the arbitrator answered the question in the affirmative, and stated that her ruling "determines only that

---

[2] Maplebear, Inc. does business as Instacart, and we follow the parties' convention in referring to appellant as "Instacart."

[3] The JAMS Class Actions Procedures are available at <https://www.jamsadr.com/rules-class-action-procedures/> (as of August 21, 2018).

[4] JAMS Rule 2 provides that the determination whether an arbitration can proceed on behalf of a class is to be "set forth . . . in a partial final award subject to immediate court review."

2

[Busick] may move for class certification as part of the mandated arbitration. It does not address the appropriateness of such certification, nor the underlying claim that [Instacart] misclassified claimant and others similarly situated."

Instacart filed a petition in superior court to vacate the partial final award, invoking sections 1285 and 1286.2.[5] Instacart argued that the arbitrator made legal errors in concluding that the Agreement authorizes class arbitration, and therefore exceeded her authority, and that vacating the partial final award was necessary to remedy the arbitrator's errors. Busick, on the other hand, argued that the petition should be dismissed, claiming the partial final award was not subject to immediate judicial review because it was not an "award" within the meaning of section 1283.4.

The superior court agreed with Busick, concluded it lacked jurisdiction to rule on Instacart's petition, and issued an order entitled, "Order Denying Petitioner [Instacart's] Petition to Vacate Partial Final Arbitration Award." Instacart appeals, arguing that the trial court should have ruled on the merits of its petition, and asking us to remand to the trial court with instructions to do so.

## DISCUSSION

We must first determine whether we have jurisdiction to hear this appeal. Busick urges us to dismiss the appeal, arguing that the challenged order is, just as it is labeled, an order "denying" a petition to vacate, which is not an appealable order under section 1294.[6] Instacart argues that the superior court order is for all intents and purposes an

---

[5] As relevant here, section 1285 provides, "Any party to an arbitration in which an award has been made may petition the court to confirm, correct or vacate the award." Section 1286.2, subdivision (a)(4), provides that "the court shall vacate the award if the court determines . . . [t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted."

[6] Section 1294 states, "An aggrieved party may appeal from: [¶] (a) An order dismissing or denying a petition to compel arbitration. [¶] (b) An order dismissing a petition to confirm, correct or vacate an award. [¶] (c) An order vacating an award unless a rehearing in arbitration is ordered. [¶] (d) A judgment entered pursuant to this title [i.e., Title 9, "Arbitration," of Part 3 of the Code of Civil Procedure]. [¶] (e) A special order after final judgment."

3

order dismissing the petition, making it appealable under section 1294, subdivision (b), which states, "An aggrieved party may appeal from . . . [a]n order dismissing a petition to . . . vacate an award." As we explain, we agree with Instacart that the order is appealable.

We then consider whether the superior court erred in dismissing Instacart's petition. Busick argues that, even if the superior court's order is appealable, the court correctly determined that it had no jurisdiction to reach the merits of Instacart's petition because the arbitrator's partial final award is not an "award" under section 1283.4, and therefore cannot be the subject of a petition to vacate under section 1285.

Because this case presents questions of law applied to undisputed facts, our review is de novo. (*Ghirardo v. Antonioli* (1994) 8 Cal.4th 791, 799.)

A.  *Applicable Law*

We begin by summarizing the provisions of the CAA that authorize parties to enlist the superior court in enforcing an arbitration award. An award "shall be in writing and signed by the arbitrators concurring therein" and "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) Any party to an arbitration where an award has been made may petition the superior court to "confirm, correct or vacate the award." (§ 1285.) The responding party may then "request the court to dismiss the petition or to confirm, correct or vacate the award." (§ 1285.2.) The trial court confirms the award as made, "unless in accordance with this chapter it corrects the award and confirms it as corrected, vacates the award or dismisses the proceeding."[7] (§ 1286.) The outcome will be an order dismissing the petition (§ 1287.2), an order vacating the award (§§ 1286.2, 1286.4), or, if the court confirms or corrects the award, a judgment. (§§ 1286.6, 1286.8, 1287.4.) Each of these outcomes can be appealed. (§ 1294, subds. (b) through (d).)

---

[7] The "proceeding" is initiated by the filing of the "petition" to confirm, correct or vacate an arbitration award (§§ 1285, 1290). Although section 1285.2 refers to the dismissal of a *petition*, section 1286 refers only to the dismissal of a *proceeding*. We view the dismissal of the petition as equivalent to the dismissal of the proceeding.

4

The CAA specifies only one circumstance in which the superior court can "dismiss" a petition: when the superior court determines that a person named in the petition "was not bound by the arbitration award and was not a party to the arbitration." (§ 1287.2.) But case law recognizes additional circumstances where dismissal is appropriate. For example, in *Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1 (*Segreto*), our colleagues in the Second District observed that a petition to confirm an arbitration award is properly dismissed if the petition is untimely filed, and that "it may be that a petition to confirm, vacate or correct an award may be dismissed on any procedural basis that would justify dismissal of any other civil action." (*Id.* at p. 8, fn. 12.)

Two more recent cases have considered what action a superior court may take if a petition purportedly filed under section 1285 concerns an arbitrator's ruling that does not meet the criteria for an "award" under section 1283.4. In *Cinel v. Christopher* (2012) 203 Cal.App.4th 759 (*Cinel*), the Court of Appeal held that an arbitrator's order terminating proceedings for lack of payment does not constitute an "award" under section 1283.4, and therefore could not be confirmed, corrected or vacated under section 1285. (*Id.* at p. 767.) Accordingly a petition to confirm such an "award" is properly dismissed. (*Id.* at p. 769.) And in *Kaiser Foundation Health Plan, Inc. v. Superior Court* (2017) 13 Cal.App.5th 1125 (*Kaiser*), the court held that if an " 'award' does not qualify as an award under section 1283.4, then the [trial] court is deprived of jurisdiction to confirm or vacate it," and a petition to confirm or vacate should be dismissed. (*Id.* at pp. 1143, 1150-1151.)

B.    *Analysis*

1.    *The Trial Court Order Here Is Appealable*

In determining whether the trial court's order is appealable, we look to the substance and effect of the order, rather than its label. (*Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666.) Here, although the trial court labeled its order a "denial" of Instacart's petition, nothing in the record suggests that the trial court or the parties attributed any significance to whether the order was denominated a "denial"

5

or "dismissal." We deem the order a dismissal because its effect is to dismiss the proceeding that was initiated by Instacart's petition without reaching the merits.

The CAA does not contemplate the denial of a petition to vacate an award, except where the denial is a precursor to a *judgment* confirming the award. (§§ 1286, 1287.4; *Segreto*, *supra*, 176 Cal.App.4th at p. 9 [a trial court that does not dismiss a petition to confirm, correct or vacate an award must confirm the award and enter "judgment in conformity therewith"].) But that is not the context here. The Busick/Instacart arbitration is in its most preliminary stage, and the trial court declined to take *any* action whatsoever with respect to the "award." Further, in circumstances similar to this appeal, the Court of Appeal concluded in *Kaiser*, *supra*, 13 Cal.App.5th at page 1150, that under the CAA, dismissal of a petition to vacate is the appropriate action when (as here) the trial court determines that it lacks jurisdiction to hear the petition. We thus construe the order here as dismissing a petition to vacate an award, which makes the order appealable. (§ 1294, subd. (b).)

Busick's argument on appeal relies primarily on *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454, where the Court of Appeal declined to construe a trial court order "denying" a petition to vacate as a dismissal. But the ruling in *Mid-Wilshire* followed from the Court of Appeal's assertion that section 1287.2 sets out the *only* permissible grounds for dismissing a petition to confirm, correct or vacate an award. (*Ibid.*) That conclusion does not survive *Segreto* and *Cinel*, which analyze the issue of dismissal at some depth. Further, the facts of *Mid-Wilshire* are distinguishable. There, the trial court had denied on the merits appellant's petition to vacate or correct an arbitration award in the trial court. (*Id.* at p. 1453.) The Court of Appeal noted that appellant "deliberately appealed from the order denying its motion to vacate or correct so that it could prevent entry of a confirmation judgment,"[8] and concluded that appellant "must live with the consequences of its trial court strategy." (*Id.* at p. 1455.)

---

[8] When a petition to vacate or correct an award is denied on the merits, the expected outcome under the CAA is an appealable judgment confirming the award. (§§ 1286, 1286.2, 1286.6, 1287.4.)

6

Busick also argues that even if we treat the trial court's order as a dismissal, the order is not appealable under section 1294 because the arbitrator's award is not an "award" under section 1283.4. Busick relies on *Judge v. Nijjar Realty, Inc.* (2014) 232 Cal.App.4th 619, 633-634 (*Judge*), which held that a trial court order that vacated a non-final award is not appealable under section 1294, subdivision (c). In *Judge*, much like here, an arbitrator issued an interim clause construction award determining that the arbitration agreement permitted arbitration of class claims and the employer filed a petition to vacate the clause construction award. (*Id.* at p. 627.) But the trial court in *Judge* reached the merits of the petition, ruled that the arbitrator had exceeded her powers, and issued an order granting the petition to vacate. (*Ibid.*) The Court of Appeal concluded that the clause construction award was not an award under section 1283.4, because it did not resolve all the issues between the parties. (*Id.* at pp. 633-634.) Consequently, the Court of Appeal found it had no jurisdiction to review a non-appealable trial court order that had reached the merits of an arbitrator's interim ruling.[9] (*Id.* at pp. 633-634 & fn. 12.)

Our case is different. Here, we confront an appeal from a trial court order that dismissed a petition to vacate on the ground of no trial court jurisdiction. We conclude that the trial court order is appealable under section 1294, subdivision (b), as an order dismissing a petition to vacate an arbitration award.

---

[9] *Judge* anticipated the issue of whether a trial court has jurisdiction to confirm or vacate non-final awards, which was later decided in *Kaiser*, *supra*, 13 Cal.App.5th at page 1131, and which we discuss below. The Court of Appeal in *Judge* suggested that the trial court in that case had lacked "jurisdiction to vacate a less than final arbitration award in the first instance," but the Court of Appeal had no occasion to reach that issue because the trial court order itself was non-appealable. (*Judge*, *supra*, 232 Cal.App.4th at p. 634, fn. 12.) Nonetheless, the Court of Appeal suggested that Judge, who had prevailed in the arbitrator's interim decision, file a motion asking the trial court to reconsider its order vacating the interim award. (*Ibid.*)

## 2. *The Trial Court Did Not Err in Concluding It Lacked Jurisdiction to Consider Instacart's Petition*

We now consider whether the trial court correctly ruled that it had no jurisdiction to review the arbitrator's partial final award. Instacart's position is that, at least in certain circumstances, trial courts have jurisdiction under the CAA to consider petitions to vacate "partial final awards concerning classwide arbitration," particularly "interim awards that determine whether the parties agreed to classwide arbitration" because of the "importance of that issue to the conduct, complexity, efficiency, and effectiveness of the arbitration." Instacart proposes that such circumstances exist where the arbitration agreement allows judicial review of legal error and where the private rules governing the arbitration contemplate superior court review of interim rulings.

Instacart argues that an arbitrator's ruling qualifies as an "award" under section 1283.4, and is subject to judicial review, "if an incremental award process is reasonably necessary in order to provide an effective remedy on an issue that the parties have submitted to arbitration." Instacart reasons that the "issue" submitted to arbitration here was whether Instacart had agreed to conduct classwide arbitration, that "[n]o effective remedy could be provided on that issue" unless the ruling was an immediately reviewable award, and that therefore the arbitrator's ruling is subject to immediate review by the trial court under the CAA.

This argument finds no support in the statutory language, which states that an award "shall include a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy." (§ 1283.4.) The controversy that Busick placed before the arbitrator raises a host of issues beyond the question whether the Agreement permits classwide arbitrations; none of them is addressed in the arbitrator's partial final award. The ruling says nothing about the essential dispute, which is whether the people who work for Instacart are properly classified as independent contractors, and it does not even determine whether class certification is appropriate. Because it leaves unanswered almost every question raised in Busick's arbitration demand, the ruling is not an award under section 1283.4.

8

The Second District's thorough analysis of section 1283.4 in *Kaiser*, *supra*, 13 Cal.App.5th 1125, supports the position that the arbitrator's ruling here is not an award under section 1283.4. *Kaiser* arose from a dispute over payment for the provision of emergency medical services. (*Id.* at p. 1132.) The parties agreed that as an initial matter, the arbitrators would determine whether claims for services provided to patients enrolled in a Medicare Advantage plan were properly before them; if so, the merits of those claims would be adjudicated in a subsequent phase. (*Id.* at pp. 1136-1137.) The arbitrators denied a motion for summary adjudication seeking dismissal of the Medicare Advantage claims, and issued an award determining only that the Medicare Advantage claims were not preempted by, or subject to administrative exhaustion under, the Medicare Act, and thus could be pursued in arbitration. (*Id.* at pp. 1130-1131, 1135.) The Court of Appeal concluded that although the arbitrators' award was "final" as to those issues, it did not qualify as an "award" under section 1283.4 because it left unresolved the merits of the Medicare Advantage claims, as well as the merits of the other claims and cross-claims at issue in the arbitration as a whole. (*Id.* at pp. 1139-1140.)

Instacart argues that to give effect to the phrase "submitted to the arbitrators" in section 1283.4 we should understand the section as requiring only that an award determine the questions that have been briefed or argued and taken under submission by the arbitrators up to that point, and whose resolution is necessary to resolve the overall controversy. But treating an interim award like the one here as a section 1283.4 "award" would contravene " ' "a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution." ' " (*Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204, quoting *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) As the court in *Kaiser* observed, if parties can obtain judicial review of interim decisions by submitting discrete questions separately to an arbitrator, then parties could obtain an arbitration award one day, "seek judicial approval or disapproval of the award the next day, only to return to arbitration the day after that to resume arbitrating what remains in their dispute." (13 Cal.App.5th at p. 1146.) Such "sporadic judicial intrusion into ongoing arbitrations . . . would be highly inefficient . . .

9

because it would disrupt the 'streamlined process' that . . . is a hallmark of arbitration." (*Ibid.*)

In arguing that the arbitrator's ruling here constitutes an "award" under section 1283.4, Instacart relies primarily on two cases, *Hightower v. Superior Court* (2001) 86 Cal.App.4th 1415 (*Hightower*) and *Roehl v. Ritchie* (2007) 147 Cal.App.4th 338 (*Roehl*). In both those cases, an interim arbitration award was deemed an award under section 1283.4, but neither concerned a threshold issue like the arbitrator's ruling in this matter, and neither involved a set of facts remotely like those here.

The dispute in *Hightower* concerned the alleged breach of a shareholder agreement that included a buy-sell provision. (86 Cal.App.4th at pp. 1421, 1423.) The arbitrator issued a "partial final award" that gave one shareholder (O'Dowd) the option to obtain financing to buy the shares of the other (Hightower), and reserved jurisdiction to later determine issues that might arise depending on whether the option was exercised, such as the amount of costs and damages. (*Id.* at pp. 1426-1428.) The Court of Appeal ruled that this partial final award qualified as an award under section 1283.4 because it "determined all issues that are necessary to the resolution of the essential dispute," and there was nothing left to be resolved except for "potential and conditional issues that necessarily could not have been determined" when the partial final award was issued and which would not be "capable of resolution until *after* O'Dowd had exercised his option and completed the necessary preparations to complete the purchase of Hightower's shares." (*Id.* at p. 1439.)

*Roehl* was a trust dispute, where the arbitrator issued an award that "effectively decided the most important dispute between the parties, involving whether a corporate note was separate or community property" and that expressly left open the arbitrator's option to make distributions different from those set forth in a specific exhibit. (147 Cal.App.4th at pp. 340-341.) That award was confirmed by the superior court at the request of appellant Ritchie in earlier proceedings and upheld on appeal. (*Id.* at pp. 344-345.) When a second award was issued distributing the funds, Ritchie sought to vacate it, arguing that it was an untimely correction of the first award under section 1284 and that

the arbitrator exceeded his jurisdiction by issuing it. (*Id.* at p. 346.) The trial court denied Ritchie's petition to vacate and confirmed the second award, Ritchie appealed, and the Court of Appeal affirmed the trial court. (*Id.* at pp. 340, 347.) Unlike the first award in *Roehl*, the arbitrator's "award" in this case resolves only a preliminary issue. It does not even determine whether a class should be certified in the arbitration.[10]

Nor are we persuaded by Instacart's argument that *Cable Connection, Inc. v. DIRECTV* (2008) 44 Cal.4th 1334 (*Cable Connection*) compels the conclusion that the trial court was required to reach the merits of the petition to vacate the arbitrator's partial final award. The primary issue in *Cable Connection* was whether the CAA permits parties to structure arbitration agreements to allow for judicial review of legal error in an arbitration award. (*Id.* at pp. 1339-1340.) The parties there had agreed that " '[t]he arbitrators shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.' " (*Id.* at p. 1340.) On the basis of that agreement and section 1286.2, which

---

[10] A recent decision, *EHM Productions, Inc. v. Starline Tours of Hollywood, Inc.* (2018) 21 Cal.App.5th 1058, presents another situation in which a single arbitration can give rise to multiple awards subject to trial court review. There, a JAMS arbitrator issued a "partial final award" granting claimant EHM the relief it requested in the arbitration (a declaration that Starline was required to defend it in a lawsuit, fees and costs through a certain date, and a declaration that Starline had to pay its reasonable fees going forward) and reserving jurisdiction to, among other things, ensure enforcement of Starline's defense obligation. (*Id.* at pp. 1061-1062.) Starline appealed to a JAMS appellate panel, which confirmed the award and reserved for further decision the determination of costs on appeal. (*Id.* at p. 1062.) EHM filed a petition in superior court to confirm the partial final award; the petition was granted, and the court entered a judgment. (*Ibid.*) Eventually, the JAMS appellate panel issued a "final award on appeal," awarding EHM $41,429.92 in costs for the JAMS appeal. (*Ibid.*) EHM successfully petitioned the trial court for confirmation of the costs award, and the trial court entered a judgment. (*Id.* at pp. 1062-1063.) Starline appealed from the costs judgment, arguing that the incremental process violated the one final judgment rule. (*Id.* at pp. 1062-1064.) The Court of Appeal affirmed the judgment, agreeing with the trial court that *Hightower* allowed an incremental process "where it is 'reasonably necessary, if not essential' to the establishment and enforcement of the remedy that the arbitrator has fashioned," and concluding that after the JAMS panel affirmed the partial final award, the issues of costs on appeal remained a " 'potential and conditional' issue." (*Id.* at p. 1066.)

11

provides that one of the grounds for vacating or correcting an award is a determination by the superior court that "the arbitrators exceeded their powers" (§§ 1286.2, subd. (a)(4), 1286.6, subd. (b)), the Supreme Court held that the parties could obtain review of the legal merits of an arbitrator's award. (*Id.* at p. 1361.)

In the second, more abbreviated part of the opinion (*Cable Connection, supra,* 44 Cal.4th at pp. 1364-1366), the high court agreed with DIRECTV's position that by issuing a partial final award ruling that class arbitration was permitted by the contract in question, the arbitrators had misapplied the rules and policies of the American Arbitration Association (AAA) as well as California law, and directed the Court of Appeal to instruct the trial court to vacate the award and send the matter back to the arbitrators to "reconsider the availability of classwide arbitration as a matter of contract interpretation and AAA arbitration procedure." (*Id.* at p. 1366.)

Instacart contends that *Cable Connection* governs the outcome here, because it implicitly holds that trial courts have jurisdiction to rule on arbitrators' "partial final awards." To the contrary, as Justice Baxter pointed out in his concurring opinion in *Cable Connection*, "it is questionable whether parties to an arbitration agreement may contract to obtain premature judicial merit review of arbitral decisions that are labeled 'awards,' but which in substance merely resolve one or more legal or factual issues pertaining to only a portion of the controversy submitted to the arbitrators for their determination. *Our court has not addressed this issue, and it has not been raised or litigated in the instant case.*" (*Cable Connection*, *supra*, 44 Cal.4th at p. 1367 (conc. opn. of Baxter, J.), italics added.)[11]

Although "[i]t is axiomatic that cases are not authority for propositions not considered" (*People v. Avila* (2006) 38 Cal.4th 491, 566), Instacart argues that trial court jurisdiction is "logically necessary" to the Supreme Court's decision to entertain and

---

[11] We are not persuaded by Instacart's claim that Justice Baxter himself "raised" the issue of jurisdiction by stating in his concurrence that the issue had *not* been "raised" in the case (*Cable Connection*, *supra*, 44 Cal.4th at p. 1367), and that as a result, the Supreme Court was required to consider the issue.

12

decide the appeal in *Cable Connection*. This argument was raised, considered, and persuasively rejected in *Kaiser*, *supra*, 13 Cal.App.5th at pages 1141-1142. The failure of an appellate decision to explicitly address jurisdiction is not itself a determination of jurisdiction: silence does not establish precedent on jurisdictional issues. (*Id.* at p. 1142, citing *Gage v. Atwater* (1902) 136 Cal. 170, 174.)

Instacart urges us to go beyond statutory language and case law and adopt a "rule" that parties who have agreed that courts can review an arbitrator's award for legal error, as Instacart and Busick allegedly have here, have also agreed that interim awards are reviewable "where reasonably necessary to ensure an effective remedy on an issue that they have agreed to submit to arbitration."[12] Not surprisingly, Instacart claims the facts of this case fit that bill. Pressing further, Instacart asserts, without evidence, that there is no risk of piecemeal adjudication because only the "comparatively rare" arbitration agreement allows for judicial review of legal error.

Leaving aside that the CAA does not support Instacart's position, Instacart does not offer a workable distinction between interim awards where immediate review is reasonably necessary and interim awards where it is not. Under Instacart's proposed rule, parties who disagree with an arbitrator's interim ruling would have a basis to argue that immediate judicial review is necessary. The rule would thus open the door wide to piecemeal judicial review of arbitrators' interim decisions, or at the very least open it a crack to time-consuming litigation about whether immediate judicial review is available in any given situation.

---

[12] Instacart's proposed rule draws on language from *Hightower*, but with significant revisions. The court in *Hightower* viewed the incremental process adopted by the arbitrator "as reasonably necessary, if not essential, to the effective establishment and enforcement of *the remedy that the arbitrator has fashioned*." (86 Cal.App.4th at p. 1439, italics added.) As we have discussed, the remedy in *Hightower* was to resolve the case by giving one party the option to obtain financing to buy the other party's shares. (*Id.* at pp. 1426-1428.) Instacart's proposed rule is not limited to the enforcement of an arbitrator's resolution of a controversy, but rather refers more broadly to a "remedy on an issue that [the parties] have agreed to submit to arbitration."

13

In the face of section 1283.4, which defines "award" as "a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy," parties to an arbitration agreement cannot confer jurisdiction on courts to review arbitrator's rulings by agreeing to proceed under a private organization's rules that purport to allow immediate review of some interim awards. (*Kaiser*, *supra*, 13 Cal.App.5th at p. 1131 [although parties can generally structure an arbitration as they see fit, a request for superior court review of an arbitration award is "subject to statutory constraints that limit when and under what circumstances courts may review arbitrators' rulings"]; see also 2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 13, p. 585 ["[t]he very nature of subject matter jurisdiction . . . indicates that it cannot be conferred by consent"].)

We conclude that the arbitrator's ruling in this case is not an award under section 1283.4 and that the trial court correctly dismissed Instacart's petition to vacate.

## DISPOSITION

The order appealed from is affirmed. Busick shall recover her costs on appeal.

 

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Richman, J.

A151677, *Maplebear v. Busick*

Trial Court:  San Francisco County Superior Court

Trial Judge:  Hon. Harold E. Kahn


Attorneys for Appellant                            Keker Van Nest & Peters LLP
                                                                Steven A. Hirsch
                                                                 Rachael E. Meny

Attorneys for Respondent                         Lichten & Liss-Riordan, P.C.
                                                                 Shannon Liss-Riordan


A151677, *Maplebear, Inc. v. Busick*