Filed 9/23/21  Jaffe v. Tenet Healthcare Corp. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALLEN V. JAFFE,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>TENET HEALTHCARE<br>CORPORATION, et al.,<br><br>    Defendants and Respondents. | G058718<br><br>(Super. Ct. No. 30-2014-00733717)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.  Motion to dismiss denied.

Allen V. Jaffe in pro. per.

Hill, Farrer & Burrill, Michael S. Turner and Dean E. Dennis for Defendants and Respondents.

Allen V. Jaffe, a 64-year old respiratory therapist, was hired by two healthcare facilities, both owned and operated by subsidiaries of Tenet Healthcare Corporation (collectively referred to in the singular as Tenet). Jaffe filed a lawsuit alleging 11 employment-related claims and, thereafter, the trial court granted Tenet's petition to compel arbitration and stayed the case.

The arbitrator ruled in Tenet's favor, and one month later the trial court ordered the action dismissed. Jaffe, a self-represented litigant, filed a motion to vacate the "void order" compelling arbitration as well as "the judgment." After the court denied his motion, Jaffe filed this appeal. Tenet filed a motion to dismiss the appeal, arguing Jaffe did not seek a judgment confirming or vacating the arbitration award and the court's recent ruling was non-appealable. We construe the court's denial as being essentially an order dismissing the petition due to lack of jurisdiction, which is an appealable order. We deny the motion to dismiss and affirm the trial court's ruling.

FACTS

Because this case will be decided on procedural grounds, we need not summarize all the facts underlying the employment dispute, the arbitration contract, or the arbitration award. The relevant facts are as follows: The arbitrator filed its award on March 6, 2019.[1] The prevailing party, Tenet, did not file a motion to confirm the award. The losing party, Jaffe, did not timely file a motion to vacate or correct the award as permitted by Code of Civil Procedure section 1288.[2]

Five months after the arbitrator issued its award, Jaffe filed a motion to vacate "void orders and judgments." Jaffe argued his case should not have been sent to

_____

[1]     In his petition to vacate, Jaffe stated the arbitration decision was served on April 24, 2019. In its order, the court noted the correct date was March 6, 2019. We will use the later date for purposes of this appeal, although the outcome is the same regardless of which date is used.

[2]     All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

arbitration and the award must be vacated. Two months later, he amended his motion adding arguments to support his claim "the judgment" was void and the arbitration process was fundamentally unfair.

The court treated Jaffe's motion as a petition to vacate the arbitration award (§ 1288). In its ruling, the court observed Jaffe did not appeal or file a writ petition seeking review of the 2015 rulings to compel arbitration and to deny Jaffe's motion to vacate the order compelling arbitration. It concluded that after the arbitrator issued the award on March 5, 2019, Jaffe had 100 days after the date of service to file a petition to vacate or correct the award. It wrote the following: "This [c]ourt has issued no [j]udgment to be set aside. [Jaffe] has not presented any request or basis to set aside the dismissal of this case. The [a]rbitration was completed without challenge."

Jaffe's opening brief, filed in propria persona, asserts this court must reverse the trial court's order compelling arbitration "and the proceedings flowing thereof" and remand the matter for a jury trial. He maintains Tenet's counsel should be sanctioned for their conduct in the case.

Tenet filed a motion to dismiss the appeal, arguing this court lacked jurisdiction because there was no appealable order or judgment. In response, Jaffe filed an opposition and then later filed a lengthier "motion for reconsideration," which also refuted Tenet's contentions. This court initially gave Jaffe 60 days to submit an appealable judgment/order. We later determined the motion to dismiss, opposition, and motion for reconsideration would be decided in conjunction with the decision on appeal.

In his reply brief, Jaffe acknowledges he misunderstood the law and that an arbitration award is not a judgment and the trial court's ruling of dismissal is not the same as a judgment confirming the arbitration award. Jaffe asserts his efforts to obtain a judgment *confirming the award* have been thwarted by the trial court's closure due to the COVID-19 pandemic. He claims the trial court accepted and filed his most recent

3

petition to confirm the award on April 9, 2021, and the hearing date was set for May 27, 2021.

# DISCUSSION

## I. *Self-Represented Litigants*

At the outset, we observe Jaffe is not entitled to special treatment by this court even though he is representing himself without the assistance of an attorney. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) We (and the trial court) must hold Jaffe to the same standards as if he were a practicing attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) This is not intended to penalize self-represented litigants; instead, it is necessary to maintain stability in appellate proceedings, requiring adherence to the forms and procedures that govern appeals. This in turn supports the appellate court's independence and unbiased decision-making.

## II. *Untimely Motion to Vacate*

"As a general matter, a party seeking to vacate an arbitration award must either (1) file and serve a petition to vacate that award 'not later than 100 days after the date of the service of a signed copy of the award' [citations], or (2) file and serve a timely response (that is, within 10 days) to the other party's petition to confirm the award, which seeks to vacate the award (§§ 1285.2, 1290.6; [citations]).) The filing and service deadline for a petition to vacate is jurisdictional; noncompliance deprives a court of the power to vacate an award unless the party has timely requested vacation in response to a petition to confirm. (§ 1286.4, subds. (a) & (b); [citations].)" (*Santa Monica College Faculty Assn. v. Santa Monica Community College Dist.* (2015) 243 Cal.App.4th 538, 544-545.)

Jaffe's efforts to challenge the arbitration award did not comply with these rules. The arbitrator filed its award on March 6, 2019. Jaffe had 100 days to file a petition to vacate, making the deadline June 14, 2019. (§ 1288.) Jaffe filed his motion to vacate on August 5, 2019 (152 days after the arbitration award). Thus, the motion was

4

untimely, and the trial court lacked jurisdiction to vacate the arbitration award. We must affirm the order on this basis.

Tenet erroneously asserts that "theoretically" Jaffe had a third option available to challenge the arbitration award. Tenet maintains, without the benefit of any supporting legal authority, that Jaffe could have asked the trial court to set aside the dismissal and then filed a petition *to confirm* the award, triggering a four-year deadline rather than the 100-day rule. Tenet proposes that Jaffe could have obtained an appealable judgment *confirming* the award and then complained about its validity in his appeal. This is incorrect.

The losing party to an arbitration cannot circumvent the 100-day rule by filing a motion to confirm the award before challenging it in an appeal. (*Soni v. SimpleLayers, Inc*. (2019) 42 Cal.App.5th 1071, 1093 (*Soni*) [party cannot bypass 100-day rule].) "A challenge to an award—to correct or vacate it—typically requires the trial court to make factual determinations. [Citations.] Consequently, a challenge must be made soon after the award is served—within 100 days—while the evidence is fresh and witnesses are available. But absent a challenge, there may be no need for judicial intervention. The award is treated as a contract (§ 1287.6), and the prevailing party has a substantially longer period—up to four years (similar to the four-year statute of limitations for breach of contract (§ 337, subd. 1))—to obtain satisfaction of the award before resorting to the courts. In the event of satisfaction, judicial relief will not be necessary, conserving court resources. If, however, the award is not satisfied, the prevailing party may convert it into an enforceable judgment by way of a petition to confirm. (§§ 1287.4, 1288.) And confirmation *will be a simple process absent a prompt, timely challenge to the award.*" (*Eternity Investments, Inc. v. Brown* (2007) 151 Cal.App.4th 739, 746, italics added (*Eternity*).) Indeed, according to a leading treatise: "If you represent the winning party in the arbitration, wait until after the 100–day period before petitioning to confirm the award. Unless the losing party files in the

5

interim, the delay may cut off any challenge to the award!" (Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 2021) ¶ 5:511, p. 5-347.) We affirm the court's decision to deny his motion.

III. *Appealability*

"[Section] 1294 identifies the orders appealable after an arbitration. Section 1294 provides that an aggrieved party may appeal from an order '*dismissing* a petition to confirm, correct or vacate an award.' (§ 1294, subd. (b), italics added.) Section 1294, however, does not provide for an appeal of the *denial* of a petition to confirm, vacate, or correct an award." (*Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 764 (*Cinel*).) As was discussed in the *Cinel* case, we conclude the statutory scheme dictates that in certain circumstances we must construe the trial court's *denial* of a petition to vacate as a *dismissal*, which renders it an appealable order. (*Id.* at p. 765.)

As mentioned earlier, "The prevailing party in an arbitration therefore may petition the court to confirm an award; the losing party may petition to modify or vacate the award entirely. [Citations.]" (*Cinel, supra,* 203 Cal.App.4th at p. 765.) A party responding to a petition "may then 'request the court to dismiss the petition or to confirm, correct or vacate the award.' (§ 1285.2.) . . . The outcome will be an order dismissing the petition (§ 1287.2), an order vacating the award (§§ 1286.2, 1286.4), or, if the court confirms or corrects the award, a judgment. (§§ 1286.6, 1286.8, 1287.4.) Each of these outcomes can be appealed. (§ 1294, subds. (b)-(d).)" (*Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 399, fn. omitted (*Maplebear*).)

With respect to the first listed outcome, section 1287.2 "specifies only one circumstance in which the superior court can 'dismiss' a petition: when the superior court determines that a person named in the petition 'was not bound by the arbitration award and was not a party to the arbitration.' (§ 1287.2.)" (*Maplebear, supra,* 26 Cal.App.5th at p. 399.) "But case law recognizes additional circumstances where dismissal is appropriate." (*Id.,* at p. 400; *Cinel, supra,* 203 Cal.App.4th at p. 769

6

[arbitrator termination of proceedings not an arbitration award].)[3] The court in *Law Offices of David S. Karton v. Segreto* (2009) 176 Cal.App.4th 1, 8, footnote 12 (*Karton*) observed, "Indeed, it may be that a petition to confirm, vacate or correct an award may be dismissed on any procedural basis that would justify dismissal of any other civil action."

For example, the appellate court in *Maplebear* determined the trial court's order *denying* a petition to vacate was appealable by deeming the "order a dismissal because its effect is to dismiss the proceeding that was initiated by [the losing party's] petition without reaching the merits." (*Maplebear, supra,* 26 Cal.App.5th at p. 400.) In that case, the arbitrator issued a partial award and the trial court determined it lacked jurisdiction to rule on the losing party's petition to vacate until arbitration finished with a complete final award. (*Id.* at p. 398.)

The *Maplebear* court explained, "In determining whether the trial court's order is appealable, we look to the substance and effect of the order, rather than its label. [Citation.]" (*Maplebear, supra,* 26 Cal.App.5th at p. 400.) The statutory scheme "does not contemplate the denial of a petition to vacate an award, *except where* the denial is a precursor to a *judgment* confirming the award. [Citations.]" (*Ibid.*, italics added.) The court determined this general rule would not apply in the context of the trial court declining "to take *any* action whatsoever with respect to the 'award.'" (*Id.* at pp. 400-

---

[3] The *Maplebear* court acknowledged a contrary holding could be found in *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1454 [court declined to construe order denying petition to vacate as a dismissal]. The *Maplebear* court determined the legal analysis was questionable and the case could also be factually distinguished. (*Maplebear, supra,* 26 Cal.App.5th at p. 401.) It explained the *Mid-Wilshire* court's holding was based on the premise section 1287.2 listed *the only* permissible grounds for dismissal. "That conclusion does not survive *Segreto* and *Cinel*, which analyze the issue of dismissal at some depth." (*Ibid.*) Furthermore, the facts of *Mid-Wilshire* were unique because appellant "'deliberately appealed from the order denying its motion to vacate or correct so that it could prevent entry of a confirmation judgment,'" and that court concluded appellant "must live with the consequences of its trial court strategy. [Citation.]" (*Ibid.*) We agree and adopt this legal analysis, and for this reason, reject arguments based on *Mid-Wilshire*.

401.)  Dismissal of the petition, not denial, is the "appropriate action when (as here) the trial court determines that it lacks jurisdiction to hear the petition."  (*Id.* at p. 401.)

Similarly, in the *Cinel* case, the appellate court held an arbitrator's order terminating proceedings for lack of payment did not constitute an "award" under section 1283.4, and therefore a party's petition to confirm the award was properly dismissed.  (*Cinel, supra,* 203 Cal.App.4th at p. 769.)  To reach this result, the court construed the trial court's "'denial' of [the] petition to confirm as a 'dismissal,' which render[ed] it an appealable order."  (*Id.* at p. 765.)

The *Cinel* court reasoned, "In all instances under section 1294, either the order itself is appealable, or an appeal lies from the subsequently entered judgment.  However, if the court simply denies the petition to confirm, as the court did here, . . . the parties are left in limbo.  Without a confirmed award, or a vacated or corrected award, no judgment thereon can be entered.  Therefore, the Legislature did not include the word 'denial' in section 1294, subdivision (b) because such a situation would never occur."  (*Cinel, supra,* 203 Cal.App.4th at p. 766.)  The court determined construing the denial as a dismissal made the order immediately appealable which was preferable to the alternative of having the party seek writ relief.  (*Id.* at p. 768, fn. 4.)

The *Maplebear* and *Cinel* opinions both relied on the *Karton* court's discussion of why courts have struggled with the language of section 1294, which "seems to fail to allow for an appeal from an order *denying* a petition to confirm, correct or vacate an award.  [Citation.]"  (*Karton, supra,* 176 Cal.App.4th at p. 9.)  It concluded, "All possible outcomes are provided for under . . . section 1294; confusion only arises when a trial court enters an order outside the scope of its powers as itemized in . . . section 1286."  (*Ibid.*)

Turning to the case at hand, we look to the substance and effect of the order.  The court did not reject Jaffe's petition to vacate on the merits.  Because the petition was filed more than 100 days after the arbitration award, the trial court correctly

8

determined it lacked jurisdiction to consider the matter. Viewed in context, the court's order was not a precursor to a judgment confirming the award. Indeed, Tenet never sought confirmation. The court's order simply ended the proceedings initiated by Jaffe's petition. Because the court did not reach the merits, we construe the order as a dismissal of the petition, which is an immediately appealable order.

In its motion to dismiss, Tenet also argues Jaffe's appeal must be dismissed because the notice of appeal indicated Jaffe was appealing from an order *after judgment*. (§ 904.1, subd (a)(2).) As correctly pointed out by Tenet, there was no final judgment in this case, and therefore, no postjudgment orders as defined by section 904.1. (*Eternity, supra,* 151 Cal.App.4th at p. 746 [unchallenged award treated as contract, not final judgment.) We agree Jaffe's arguments on appeal challenging a "judgment" were premature.

However, Tenet overlooks that Jaffe also checked a second box titled, "other," indicating his appeal was based on a different code section. In the space provided in the notice of appeal standard form, Jaffe wrote the following: "Appeal may not be taken [from] the order [compelling arbitration] issued on April 13, 2015[,] until after [a] final judgment issued by [the] court in November 2019 per section 904.1 or 904.2. In addition[,] the judgment was procured by fraud." (Capitalization omitted.) Although Jaffe may have been mixed up on some of the correct terminology, he clearly conveyed his understanding the time to challenge the order compelling arbitration was after those proceedings concluded. Jaffe indicated he waited to appeal until after the trial court made its ruling in November 2019. "A notice of appeal is to be liberally construed in favor of its sufficiency ([California Rules of Court,] rule 1(a)(2)), and it may be deemed sufficient if it has not misled or prejudiced the respondent. [Citation.]" (*Red Mountain, LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 344.) Jaffe's notice of appeal adequately notified Tenet that he was appealing from the November 8 ruling denying his motion to vacate. Tenet was not misled as to the nature

9

of the appeal.  Although Jaffe's motion to vacate may have been untimely, the ruling was appealable.

DISPOSITION

We affirm the court's November 4, 2019, order.  We deny the motion to dismiss the appeal and Jaffe's motion for reconsideration (a motion opposing the motion to dismiss).  We deny Jaffe's motion to augment the record with documents related to the merits of his employment claims because the matter was resolved on procedural grounds. In the interests of justice, each party shall bear their own costs on appeal.


O'LEARY, P. J.

WE CONCUR:


BEDSWORTH, J.


MOORE, J.