Filed 11/24/25  MB Millenium Builders v. Talagadadeevi CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MB MILLENNIUM BUILDERS, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> SAILA TALAGADADEEVI et al., <br><br> Defendants and Respondents | H052874 <br> (Santa Clara County <br> Super. Ct. No. 23CV417262) |

This appeal arises from an arbitration proceeding involving plaintiff MB Millenium Builders, Inc. (Millenium) and defendants Saila Talagadadeevi and Kishore Kagolanu (defendants).  The arbitrator awarded Millenium a sum of $10,771.16, which was confirmed by the trial court.

On appeal, Millenium contends that the trial court erroneously denied its petition to vacate the award because the arbitrator failed to disclose his continued role as a mediator for another proceeding involving defendants' trial counsel.  For the reasons explained below, we affirm.

# I.    PROCEDURAL BACKGROUND[1]

## A.    *Complaint and Arbitration Proceedings*

On June 9, 2023, Millenium filed a complaint for breach of contract against defendants.  On November 8, 2023, the parties stipulated to binding arbitration, and designated attorney Donald Sullivan as the arbitrator for the matter.  On May 20, 2024, at the conclusion of arbitration, the arbitrator issued an award of $10,771.16 to Millenium and against defendants.

## B.    *Petition to Vacate Award and Order*

On June 14, 2024, Millenium filed a petition to vacate the arbitration award, based on Sullivan's alleged failure to disclose an engagement he had with defendants' counsel in another case.

The trial court held a hearing on Millenium's motion on September 24, 2024.  At the hearing, Millenium noted that prior to the commencement of arbitration, Sullivan had disclosed that he was currently mediating a matter involving defendants' counsel, which was scheduled to take place in October 2023.  However, Millenium argued that the disclosure indicated this would only be a single mediation session, which would conclude before the commencement of arbitration in Millenium's and defendants' matter in March 2024.  Because the mediation did not conclude in a single session, and a second mediation session was set in the matter, Millenium claimed that this constituted a new engagement with a "second payment", which Sullivan was required to disclose.  Millenium further argued that it had only been made aware that the first mediation session had been moved to December 2023, but was unaware the session had not resulted in a resolution.  When the

---

[1] In its notice designating the record on appeal, the only documents requested by Millenium were the trial court's order denying its petition to vacate the award, the reporter's transcript from the September 24, 2024 proceeding, and the court's order confirming the arbitration award.  We therefore draw the procedural information from the register of actions.  In addition, as the underlying facts do not appear to be relevant to the issue on appeal, we do not recount them here.

trial court inquired as to why Millenium did not ask about the status of the mediation matter, especially if it was a cause of concern, Millenium contended that such a requirement would constitute an unfair burden, particularly when the arbitrator was under an affirmative duty to disclose.  Finally, Millenium contended that the continued engagement in mediation demonstrated a potential for bias because Sullivan "has a motivation to be careful that he does not render a decision in our arbitration that would cause [defendants' counsel] to pull out of the mediation, which apparently was a multi-session mediation, that provided, I presume, a good source of financial incentive for the arbitrator.  That is enough to give a reasonable person concern that there could be bias."

In response, defendants argued that the law regarding disclosure did not require "blow by blow" updates on the status of mediation after Sullivan's initial disclosure of the matter.  Defendants also indicated that defendants' counsel had informed Millenium's counsel in January 2024 that the mediation matter with Sullivan had not settled and remained ongoing, and Millenium raised no concerns at that time.  Defendants therefore claimed that once counsel provided this information, Millenium was on inquiry notice if it wanted any further updates on the mediation matter yet chose not to ask.  Defendants argued that Millenium did not have any concerns at the time and wanted to proceed with arbitration, and only chose to question Sullivan's initial disclosure after it was unsatisfied with the final arbitration award.  Finally, defendants assert that by failing to raise Sullivan's conflict at an earlier time, Millenium had forfeited this argument.

The trial court denied Millenium's petition.  In its written order issued on September 24, 2024, the trial court found that Millenium provided no evidence, such as a new letter of engagement containing new and materially different terms, to support its contention that the continuation of mediation beyond a single session constituted a "new engagement" and a "new offer of employment" that Sullivan was required to disclose.  Further, the trial court noted that there was no guarantee mediation would conclude in a single session, and it was "exceedingly common" for parties and a mediator to decide that mediation was premature

3

and should be postponed to a later date. The trial court also found that Millenium failed to demonstrate how the circumstances described would cause a reasonable person to doubt Sullivan's impartiality in the parties' arbitration matter, as required under Code of Civil Procedure[2] section 1281.9, subdivision (a).[3] The court concluded that because Millenium had never objected when it was first made aware of the mediation matter, there was no basis for anyone to entertain a reasonable doubt as to Sullivan's impartiality simply because the same matter had now been continued to a different date.

## C.    *Subsequent Proceedings*

On July 27, 2024, defendants filed a motion to confirm the arbitration award. At a subsequent hearing on October 31, 2024, the trial court granted the motion and confirmed the arbitration award of $10,771.16 to Millenium, with prejudgment interest at a rate of 10 percent annually to accrue beginning on May 1, 2024. The trial court's order was filed on January 6, 2025.

Millenium timely appealed the order confirming the award.[4]

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

[3] This code section sets forth specific items that must be disclosed by an arbitrator during arbitration proceedings, and generally requires disclosure of "all matters that could cause a person aware of the facts to reasonably entertain a doubt that the proposed neutral arbitrator would be able to be impartial." (§ 1281.9, subd. (a).)

[4] In its notice of appeal filed on January 8, 2025, Millenium indicated that it was appealing both the September 24, 2024 order denying the petition to vacate and the January 5, 2025 order confirming the arbitration award. However, an order denying a petition to vacate an award on the merits is not separately appealable. (See § 1294, subd. (b) [only providing that an order dismissing a petition to vacate is separately appealable]; *Maplebear, Inc. v. Busick* (2018) 26 Cal.App.5th 394, 401 [noting that an order denying a petition to vacate or correct an arbitration award on the merits is not separately appealable]; *Cinel v. Christopher* (2012) 203 Cal.App.4th 759, 766 ["if a petition to vacate or correct is denied, the matter is not appealable, but is reviewable on appeal from the judgment of confirmation"].) Therefore, we construe this appeal as from the January 5, 2025 order confirming the arbitration award only.

## II. DISCUSSION

### A.  *Applicable Law and Standard of Review*

"While arbitration awards are 'nearly immune' from attack, 'one of the limited grounds for challenge is bias on the part of the arbitrator.' " (*FCM Investments, LLC v. Grove Pham, LLC* (2023) 96 Cal.App.5th 545, 555 (*FCM Investments*).)  Similar to judges, arbitrators " 'should be disqualified if a person aware of the facts might reasonably entertain a doubt that the arbitrator would be able to be impartial.' " (*Ibid*.)  In the arbitration context, "the test is whether a hypothetical reasonable person . . . [¶] . . . ' "could reasonably form a belief that an arbitrator was biased for or against a party for a particular reason." ' " (*Ibid*.; see also §§ 170.1, subd. (a)(6)(A)(iii) [requiring judicial disqualification where a person "might reasonably entertain a doubt that the judge would be able to be impartial"], 1281.9, subd. (a)(1) [applying § 170.1 to arbitrators]; *Wechsler v. Superior Court* (2014) 224 Cal.App.4th 384, 391 ["if a fully informed, reasonable member of the public would fairly entertain doubts that the judge is impartial, the judge should be disqualified"].)  As relevant here, an arbitration award shall be vacated if the "arbitrator making the award . . . failed to disclose within the time required . . . a ground for disqualification of which the arbitrator was then aware."  (§ 1286.2, subd. (a)(6).)

"The test is objective and fact-specific."  (*FCM Investments, supra*, 96 Cal.App.5th at p. 555.)  The party seeking to vacate the arbitration award "bear[s] the burden to establish a reasonable impression of possible bias."  (*Ibid*.)  We review issues concerning arbitrator disclosures de novo.  (See *Haworth v. Superior Court* (2010) 50 Cal.4th 372, 383–388; see also *Perez v. Kaiser Foundation Health Plan, Inc.* (2023) 91 Cal.App.5th 645, 652.)

5

**B.** *The Record Is Inadequate to Demonstrate Reversible Error*

Millenium argues that the trial court erred in finding that Sullivan's ongoing mediation engagement with defendants' counsel constituted a continuation of a previously disclosed matter, instead of a new engagement requiring a separate disclosure. Millenium claims that because the disclosure only contemplated a single-session mediation, the second mediation session resulted in a "separate and additional" financial incentive for Sullivan, which he was required to disclose under the applicable ethical standards for arbitrators. Millenium further contends that because this new financial incentive was not present when Sullivan made his first disclosure, Sullivan had an affirmative duty to disclose this information in order to "prevent even the appearance of bias." Finally, Millenium argues that the trial court improperly placed the burden on Millenium by adopting a "predictability" standard regarding the outcome of mediation, namely, that more than one mediation session was a "predictable" outcome that Millenium should have anticipated and expected.

In its responsive briefing, defendants contend that Millenium fails to cite any evidence in the record, as provided, to support its contention that only a single-session mediation was contemplated or discussed in Sullivan's disclosures. Defendants note that the sole information provided in support of this disclosure was from Millenium's argument at the hearing on the petition to vacate, which is not evidence, and nothing else in the record provided supports this contention. Defendants therefore argue that because Millenium failed to provide an adequate record on appeal in support of its claim of error, the court's order should be presumed correct. [5]

The California Supreme Court has stated that "it is a fundamental principle of appellate procedure that a trial court judgment [or appealable order] is ordinarily presumed

_____

[5] As Millenium filed no reply brief, it did not respond to this, or any other point, raised in defendants' brief.

6

to be correct." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) " 'All intendments and presumptions are indulged to support [the lower court's judgment or order] on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Any ambiguities in the record are resolved in favor of affirmance of the judgment or order. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631.) It is the appellant's burden to overcome the presumption of correctness by demonstrating reversible error through an adequate record. (See *Jameson*, *supra*, at p. 609.)

" ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson*, *supra*, 5 Cal.5th at p. 609, fn. omitted; see also *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296 ["Because they failed to furnish an adequate record . . . defendants' claim must be resolved against them"]; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 [finding that where record is insufficient to address the errors raised, "we indulge all presumptions in favor of the judgment"]; *Yield Dynamics, Inc. v. TEA Systems Corp*. (2007) 154 Cal.App.4th 547, 557 ["where the record is silent the reviewing court will indulge all reasonable inferences in support of the judgment"].)

We are not permitted to speculate as to the contents of missing portions of the record or issues appellant may have raised below. (*Kearl v. Board of Medical Quality Assurance* (1986) 189 Cal.App.3d 1040, 1051–1052.) Instead, our review is limited to the record before this court. In addition, even where de novo review applies, the reviewing court is not obligated "to cull the record for the benefit of the appellant." (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455 [review is limited to issues which have been adequately raised and

7

briefed]; see also *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 [issues do not have a life of their own, and may be treated as forfeited if they are not raised or developed with legal argument].)

As noted above, the record requested by Millenium was limited to only the trial court's order denying its petition to vacate the award, the reporter's transcript from the September 24, 2024 proceeding, and the court's order confirming the arbitration award. As a result, the record does not contain any of the underlying pleadings or evidence related to Millenium's petition to vacate the award, including any documents, declarations, or records reviewed by the trial court which would also be relevant for our de novo review. We are left with arguments made at hearing and the trial court's order confirming the arbitration award. For example, there is no evidence in the record provided regarding any communications or information provided by defendants' counsel to Millenium regarding the status of mediation or the need for a second session. This includes any evidence to support Millenium's claim that the second mediation session constituted a "separate engagement" with additional financial incentives not provided as part of the original disclosure. Indeed, the only information provided on this issue was counsels' arguments at the aforementioned September 24, 2024 hearing on Millenium's petition, which is not evidence. (See *Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173 ["Argument of counsel is not evidence"].) Without such information, we cannot conduct a meaningful review of the record to determine whether Sullivan was required to disclose the second mediation session.[6]

In conclusion, Millenium has failed to meet its burden to overcome the presumption of correctness by demonstrating reversible error through an adequate record. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

---

[6] We also note that without the complaint and amount in dispute, as well as the signed arbitration award issued by Sullivan at the conclusion of arbitration, we cannot conduct a meaningful review to determine whether the final award itself raised a reasonable doubt as to Sullivan's impartiality.

8

### III.   DISPOSITION

The trial court's order confirming the arbitration award is affirmed.  Respondents are awarded their costs on appeal.

_____
                            Wilson, J.

WE CONCUR:

_____
       Grover, Acting P. J.

_____
       Lie, J.

*MB Millennium Builders, Inc. v. Talagadadeevi et al.*
H052874